UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ELIZABETH JOINER and JENNIFER JOINER,<br><br>Plaintiffs,<br><br>v.<br><br>MICHELLE ALLEN, PUBLIC HEALTH DISTRICT #6, and the STATE OF IDAHO,<br><br>Defendants. | Case No. 4:14-cv-00042-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

Before the Court are Defendants Michelle Allen and the State of Idaho's Motion for Partial Summary Judgment (Dkt. 8) and Defendants' Amended Motion for Summary Judgment (Dkt. 15). For the reasons set forth below, the Court will deny the motion for summary judgment with respect to Defendant Michelle Allen and the Public Health District #6 but will grant the request to dismiss the State of Idaho.

# BACKGROUND

This case arises from a motor vehicle accident occurring on October 31, 2011, and involving Michelle Allen. At the time of the accident, Jennifer Joiner was driving northbound on I-15 near Blackfoot, Idaho. Her mother, Elizabeth Joiner, was riding in the front seat. As they were traveling on the interstate, the clutch failed, causing the vehicle to lose speed. When this happened, Jennifer, who was driving in the right-hand lane, turned on the car's hazard lights. Noticing the hazard lights and Jennifer's slow speed, Jess Cox, an Idaho Transportation Driver, turned on his emergency lights to warn other vehicles while he drove on the right shoulder.

Allen, driving a Public Health District #6 vehicle, was also traveling northbound on I-15. As she approached Mr. Cox's vehicle traveling on the right-hand shoulder, Allen apparently did not slow down but instead passed him in the right lane despite his flashing lights. Allen could not react in time to slow speed of the Joiner car, also traveling northbound in the right lane, and she slammed into the rear of the car at 75 mph. The impact caused the Joiner car to roll several times before resting on its left side in the right roadside area. Allen's vehicle came to an uncontrolled stop in the roadway between the travel lanes of I-15. *Complaint and Demand for Jury Trial* ¶ ¶ 1, 3, 7, Dkt. 1-2.

Seeking damages for injuries arising from the accident, Jennifer Joiner and Elizabeth Joiner have sued the Public Health District #6, the State of Idaho, and Michelle Allen. Defendants filed a summary judgment, seeking dismissal of the claims against Defendant Allen and the State. They later amended their motion to add a new argument

seeking dismissal of the District as well. First, Defendants contend that Plaintiffs failed to file a timely Notice of Tort Claim against Michelle Allen, as required by Idaho Code § 6-906. Second, Defendants argue that the claims against the State of Idaho are "baseless" because Allen was not a State of Idaho employee on October 31, 2011, and the vehicle she was driving was not owned by or registered to the State of Idaho. And, third, Defendants argue that all they all should be dismissed because Plaintiffs failed to state the amount of damages they seek to claim.

## ANALYSIS

**1.     Notice of Tort Claim**

As a prerequisite to suing a public entity or public employee for money damages, the Idaho Tort Claims Act requires presentation of the claim to the entity within 180 days from the date the claim arose. I.C. § 6-906.  The presented claim must meet the requirements of section 6-907 of the Act. I.C. § 6-907.  Section 6-907 requires the claimant to "accurately describe the conduct and circumstances which brought about the injury or damage, describe the injury or damage, state the time and place the injury or damage occurred, state the names of all persons involved, if known, and [state] the amount of damages claimed." *Id.* A notice of claim "shall not be held invalid or insufficient by reason of an inaccuracy in stating the time, place, nature or cause of the claim, or otherwise, unless it is shown that the governmental entity was in fact misled to its injury thereby." *Id.*

On January 6, 2012, Elizabeth Joiner filed her Notice of Tort Claim with the secretary or clerk of the Public Health District #6. *Porter Aff.* ¶ 4. A few months later, on April 4, 2012, Jennifer Joiner filed her Notice of Tort Claim with the secretary or clerk of the Public Health District #6. *Id.* ¶ 5. Both notice of tort claims, in describing the conduct and circumstances of the accident, named Michelle Allen, acting within the course and scope of her employment, as the driver of the Public Health District # 6 vehicle that "slammed into the rear" of the Joiners' jeep. Exs. 1 & 2 to *Porter Aff.*

Although Elizabeth and Jennifer filed timely notices – both of which named Allen as the driver – with the District, Defendants argue Allen should be dismissed because neither Elizabeth nor Jennifer provided direct notice to Allen. Defendants, however, cite no cases mandating dismissal of a tort claim against a public employee for a plaintiff's failure to provide separate notice to the involved employee. And nothing in the statutory language requires a claimant to file multiple notices with the entity and any involved employees.

To the contrary, section 6-906 states that all claims against a political subdivision or an employee of a political subdivision "shall be presented to and filed *with the clerk or secretary of the political subdivision.*" I.C. 6-906 (emphasis added). The fact that both notices to the entity and to involved employees must be filed with the entity suggests that one notice to the entity, naming all involved employees, suffices to place both the entity and the employees on notice. It would accomplish little to make a claimant file with the public entity two identical but separate notices naming the involved employee. Because

separate notices would further no real purpose, Elizabeth and Jennifer Joiner's failure to provide a separate, direct notice to Allen is not fatal to their tort claims against Allen.

Likewise, Elizabeth and Jennifer's failure to state the amount of damages in their notice does not warrant dismissal of their claims. Again, Defendants do not cite any case mandating the dismissal of a tort claim against a government entity or its employee because the claimant did not know the amount of damages at the time of filing notice. In fact, the Idaho Supreme Court has suggested failure to state the exact amount of damages would be improper grounds for dismissal. *See, e.g., Magnuson Properties Partnership v. City of Coeur* d'Alene, 59 P.3d 971, 975 (Idaho 2002); *Farber v. State*, 630 P.2d 685, 689 (Idaho 1981).

In *Magnuson Properties*, for example, the Idaho Supreme Court held that the 180-day notice period begins to run at the occurrence of a wrongful act – *even if the extent of damages is not known or is unpredictable at the time.* 59 P.3d at 975. As explained by the *Magnuson* court, "[a] claimant is not required to know all facts and details of a claim because such a prerequisite would allow a claimant to delay completion of their investigation before triggering the notice requirement." *Id.* And in *Farber*, the Idaho Supreme Court refused to apply a strict or literal interpretation of ITCA's notice requirements because such an interpretation "would result in denying the legitimate claims of those who have suffered injury at the hands of the state, without furthering in the least the legislative purposes behind the statute." 630 P.2d at 689.

Admittedly, including the amount of damages in the notice could facilitate the parties' reaching an "amicable resolution" without filing a lawsuit. But often times it is impossible to know the amount of damages without consulting an expert. In this case, Plaintiffs offered as much information regarding their injuries as they reasonably could. Elizabeth Joiner listed her injuries as "closed head injury, memory loss, C-1 and T-12 fractures, rib fractures, radiating pain in both arms, and neck/back/head pain," and Jennifer Joiner listed her injuries as "closed head injury, memory & cognitive loss, neck, back, and shoulder injuries." Both Elizabeth and Jennifer continue to be treated for their injuries by various medical professionals, and the full extent of their damages is still not known. Given these uncertainties, it would be unfair to dismiss Plaintiffs' claims because the full extent of their damages was not known at the time they filed their notices. *C.f., Magnuson*, 59 P.3d at 975.

### 2. The State

The Court will grant the motion to dismiss the claims against the State. The State submits the affidavit of Tyler Butler to prove that Allen was an employee of the District – not the State – at the time of the accident, and the vehicle she was driving was owned by the District, and not the State. *Butler Aff.* ¶¶ 6, 7. Based on the affidavit and testimony of Tyler Butler, Plaintiffs do not oppose the State's dismissal from this lawsuit.

### 3. Attorney Fees

Plaintiffs request attorney fees on the grounds that Defendants' motions for summary judgment were frivolous. The Court disagrees. Defendants offered reasonable

arguments in support of their motions. The Court will therefore deny Plaintiffs' request for fees.

## ORDER

**IT IS ORDERED:**

1. Defendants Michelle Allen and the State of Idaho's Motion for Partial Summary Judgment (Dkt. 8) is **GRANTED in part** and **DENIED in part**.

2. Defendants' Amended Motion for Summary Judgment (Dkt. 15) is **DENIED.**

DATED: July 15, 2014

B. Lynn Winmill
Chief Judge
United States District Court

.